NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, *et al*,<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>EVEREST MASONRY CONSTRUCTORS INCORPORATED,<br><br>　　　　*Defendant*. | Civil Action No. 15-7703<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

## I.　INTRODUCTION

This matter comes before the Court on Plaintiffs' unopposed motion for default judgment against Defendant Everest Masonry Constructors Incorporated ("Everest") under Fed. R. Civ. P. 55(b). D.E. 17. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiffs' motion is granted.

## II.    FACTS AND PROCEDURAL HISTORY

Through this action, Plaintiffs seek to collect delinquent employer benefit contributions. Plaintiffs are (1) trustees of the New Jersey B.A.C. Health Fund (the "Health Fund"); (2) trustees of the New Jersey B.A.C. Annuity Fund (the "Annuity Fund"); (3) trustees of the Local 4 Pension Fund (the "Local 4 Pension Fund"); (4) trustees of the B.A.C. Local 5 Pension Fund (the "Local 5 Pension Fund"); (5) trustees of the New Jersey BM&P Apprentice and Education Fund (the "Apprentice Fund") (collectively, the "Local Benefit Funds"); (6) trustees of the Bricklayers & Trowel Trades International Pension Fund (the "IPF"); (7) trustees of the International Masonry Institute (the "IMI" and together with the IPF, the "International Benefit Funds") (collectively with the Local Benefit Funds, the "Funds"); and (8) Richard Tolson as administrator of the B.A.C. Administrative District Council of New Jersey (the "Union").

Everest is a party to a Collective Bargaining Agreement (the "CBA") with the Union; the CBA establishes the terms and conditions of employment for Everest employees that perform covered work, as defined by the CBA, within a specific geographic area. Compl. ¶ 13, D.E. 1; Declaration of Gary Mercadante ("Mercadante Decl.") Exs. A-B, D.E. 19. The CBA requires that for each hour of covered work performed by Everest employees, Everest must make specified contributions to the Funds, and dues check-offs and other contributions to the Union. Compl. ¶ 14; Mercadante Decl. Ex. A, Art. XI. From April 22, 2015 through May 15, 2015, Everest employees performed covered work at Ocean County College (the "Ocean County Project"), and from April 30, 2015 through May 7, 2015, performed covered work at Passaic Community College (the "Passaic Community Project" and collectively, the "Projects"). Everest failed to make

2

required contributions to the Funds for the Projects. Compl. ¶¶ 15-16. Plaintiffs also contend that Everest failed to pay obligatory dues check-offs to the Union for the Projects. *Id.*

Plaintiffs filed their two-count complaint against Everest on October 26, 2015. In Count One, Plaintiffs allege that Everest's failure to make contributions to the Funds is in contravention of the CBA and Section 515 of ERISA, 29 U.S.C. § 1145. *Id.* ¶¶ 18-22. In Count Two, Plaintiffs contend that Everest's failure to remit dues check-offs to the Union violated the CBA. *Id.* ¶ 24.

On January 19, 2016, Plaintiffs were granted a ninety-day extension to effectuate service because, after repeated attempts, their process server was unable to locate and serve Defendant. D.E. 4. On April, 14, 2016, Plaintiffs filed a declaration (1) explaining their diligent efforts to serve Defendant; (2) seeking a thirty-day extension to serve the company; and (3) requesting permission to serve by alternative means pursuant to New Jersey court rules. D.E. 12. The Court granted Plaintiffs' requests the following day. D.E. 13. On April 18, 2016, Plaintiffs filed an affidavit of service explaining that they served Defendant via certified mail, return receipt requested, and first class mail, at "Defendant's registered agent's address on file with the State of New Jersey Division of Revenue and Enterprise Services, a United Parcel Service box registered to the Defendant, and the Defendant's principal place of business." D.E. 14. Defendant failed to answer, move, or otherwise respond to the complaint. As a result, on November 15, 2016, default was entered against Everest for failure to plead or otherwise defend.[1] D.E. 16. On December 2,

---

[1] Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

3

2016, Plaintiffs filed this motion for default judgment pursuant to Rule 55(b).[2] D.E. 17.

In support for their claim for damages in this motion, Plaintiffs submitted a declaration from Gary Mercadante, the administrator of the Local Benefit Funds. Mercadante Decl. ¶ 1. The declaration includes a copy of "shop steward reports" for the projects, which outline the number of hours Everest employees worked (*id.* Exs. C, E), a spreadsheet outlining Everest's delinquency calculations (*id.* Exs. D, F), and a spreadsheet that provides the computation of interest due for the delinquent contributions through December 1, 2016 (*id.* Ex. H). Plaintiffs also submitted a declaration from Nicole Marimon, an attorney for Plaintiffs, explaining the legal work performed on this case. *See* Declaration of Nicole Marimon, Esq. ("Marimon Decl."), D.E. 20.

### III. LAW AND ANALYSIS

#### A. Standard of Review

"The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4)

---

[2] Plaintiffs' affidavit of service, which was filed with this motion, indicates that on December 2, 2016, Plaintiffs mailed a copy of this motion to Defendant at the same addresses upon which they served the complaint. D.E. 21.

4

determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

The Court has subject matter jurisdiction over this matter. Congress granted district courts with exclusive subject matter jurisdiction for civil actions that arise under ERISA, without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. § 1132(e)-(f). This Court also has jurisdiction under Section 301 of the LMRA, which grants district courts with jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce," also without respect to the amount in controversy or citizenship of the parties. 29 US.C. § 185(a).

The Court also has personal jurisdiction over Defendant. Everest is a New Jersey corporation that maintains its principal place of business in New Jersey. Compl. ¶ 12. As a result,

5

Everest is subject to general jurisdiction in this state. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *2 (D.N.J. June 7, 2016). In addition, Plaintiffs effected service by following New Jersey law, which is permissible under Rule 4. Fed. R. Civ. P. 4(e)(1), (h). New Jersey law permits service by mail when "despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule."[3] N.J. R. 4:4-4(b)(1). To serve a corporation by mail, a plaintiff must "mail[] a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to . . . a corporation . . . that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office." N.J. R. 4:4-4(b)(1)(C). Plaintiffs complied with New Jersey law; they filed a declaration explaining their diligent efforts to effect personal service, then appropriately mailed a copy of the summons and complaint to Everest's principal place of business and registered agent. D.E. 12, 14. As a result, Everest was appropriately served with the summons and complaint.

### C. Sufficiency of Plaintiffs' Causes of Action and Proof of Damages

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

Count One states a valid cause of action. Section 515 of ERISA requires employers who are obligated to make contributions to a multiemployer plan pursuant to a CBA to "make such contributions in accordance with the terms and conditions of such plan or [the CBA]." 29 U.S.C.

---

[3] N.J. R. 4:4-4(a) sets forth the requirements for personal service.

6

§ 1145. In this instance, the CBA required Everest to make contributions to the Funds for covered work. *See* Mercadante Decl. Ex. A, Art. XI. Plaintiffs contend that the Projects constituted covered work and that Everest failed to make the required contributions. Compl. ¶¶ 15-16. Thus, Defendant violated Section 515. Moreover, Section 502(g)(2) of ERISA provides that in an action to enforce Section 515 in which judgment is entered for the plan, a court "shall award" (1) the unpaid contributions; (2) interest on the unpaid contributions[4], (3) liquidated damages "not in excess of 20 percent" of the principal amount; (4) reasonable attorney's fees and costs; and (5) "such other relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). These penalties are mandatory. *See Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003). Plaintiffs, therefore, entitled to recover these penalties. *See, e.g., Int'l Union of Painters*, 2016 WL 3234516, at *3.

Plaintiffs allege that for Count One, default judgment should be entered for $29,083.19. Mercadante Decl. ¶ 15. In support, Plaintiffs provide shop steward reports and spreadsheets demonstrating that Everest failed to make $17,237.70 in contributions for the Ocean County Project and $4,183.89 in contributions for the Passaic Community Project. *Id.* Exs. C-F. Mercadante also states that using the ten percent rate for the Local Benefit Funds and the fifteen percent rate for the International Benefit Funds, Everest owes $3,377.28 in outstanding interest. *Id.* ¶ 12, Ex. H. Finally, Mercadante contends that Everest owes $4,284.32 in liquidated damages,

---

[4] Interest on unpaid contributions is determined by using the rate provided for under the plan. 29 U.S.C. § 1132(g). The CBA provides that Everest is liable to the International Benefit Funds at the rate of fifteen percent (15%), and states that Everest is liable to the Local Benefit Funds at a rate of ten percent (10%). *See* Mercadante Decl. Ex. G.

or twenty percent of the principal amount due. *Id.* ¶¶ 13-14. Having reviewed the documentation provided, the Court is satisfied that there is a sufficient basis for the requested damages.

Plaintiffs additionally argue that Everest is responsible for outstanding interest due through the date of judgment. Plfs' Br. at 5. The Court agrees. Because Plaintiffs only provided interest calculations through December 1, 2016, Plaintiff shall submit for approval, within fourteen (14) days, an affidavit containing the calculation of interest sought through the date of the entry of this judgment. If appropriate, the Court will enter an amended order to include this additional interest.

Plaintiffs also seek $5,531 in attorney's fees and $183.35 in costs. "In awarding fees under this rubric, the 'court should determine what constitutes a reasonable fee.'" *Int'l Union of Painters*, 2016 WL 3234516, at *4 (quoting *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991)). In addition, a request for fees "must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Id.* (quoting *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 281, 291 (3d Cir. 2007)). Plaintiffs were billed for a total 30.9 hours in this case. The billing record from Plaintiffs' attorneys provides a detailed account of the rates, time, and professional services performed. The attorneys' work was billed at an hourly rate of $300 and paralegals were billed at $90 per hour. *See* Marimon Decl. ¶¶ 3-7, Ex. A. In addition, there were $183.35 of court and service fees. *Id.* ¶ 8. The Court is satisfied that the fees and costs are well documented and reasonable in light of the nature of the case and the services rendered. Accordingly, the Court will award fees and costs for the requested amount of $5,714.35. This amount, however, may also be augmented to take into account reasonable fees and expenses

incurred since December 1, 2016, through the Affidavit discussed above.

In Count Two, Plaintiffs contend that Everest violated Section 301 of the LMRA by failing to pay dues check-offs to the Union, as required by the CBA. Section 301 permits "suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce." *Trs. of the N.J. B.A.C. Health Fund v. Org Contracting*, No. 13-5854, 2015 WL 1730171, at *3 (D.N.J. Apr. 14, 2015) (quoting 29 U.S.C. § 185). Taking the factual allegations as true, Plaintiffs state a valid claim. *Id.* As for damages, Plaintiffs allege that Everest owes $1,992.10 for the Ocean County Project and $461.61 for the Passaic Community Project. Mercadante Decl. ¶¶ 6-7. The Court is satisfied that there is a sufficient basis for the damages requested.

### D. Default Judgment Factors

Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc.*, 2015 WL 6673839, at *1.

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Next, without a default judgment, Plaintiffs have no other means to seek relief for the harm allegedly caused by Defendant. As a result, Plaintiffs

will be prejudiced if default judgment is not entered. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. Lastly, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *Id*. As a result, the Court finds that default judgment is warranted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for default judgment is granted. An appropriate order accompanies this opinion.

Dated: January 26, 2017

_____<br>
John Michael Vazquez, U.S.D.J.